Michael F. Thomson (#9707)
Peggy Hunt (#6060)
Nathan S. Seim (#12654)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: thomson.michael@dorsey.com
       hunt.peggy@dorsey.com
       seim.nathan@dorsey.com

*Attorneys for Michael F. Thomson, Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re: | Bankr. Case No. 14-21632 |
|---|---|
| DALE E. CAPPS and TYNA M. CAPPS, | Chapter 7 |
| Debtors. | The Honorable William T. Thurman |

**CHAPTER 7 TRUSTEE'S RESPONSE TO DEBTORS' MOTION TO CONVERT FROM CHAPTER 7 TO CHAPTER 13**

Michael F. Thomson, the Chapter 7 trustee of the bankruptcy estate of the above-named Debtors (the "Trustee"), by and through counsel, hereby responds to the Debtors' *Motion to Convert from Chapter 7 to Chapter 13* [Docket No. 68] (the "Motion to Convert").

**BACKGROUND**

*General*

1. On February 24, 2014 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

1

2. Also on February 24, 2014, the Trustee was appointed the interim Chapter 7 trustee for the Debtors' bankruptcy estate, and he now serves as the permanent trustee.

3. On April 11, 2014, the Trustee conducted the Debtors' 341 meeting of creditors, pursuant to which the Trustee obtained information from the Debtors regarding various prepetition transfers and potential assets of the estate.

4. Since his appointment, the Trustee has also directed the Debtors to turn over various documents to him and to supply him with information regarding the Debtors and their assets. The Trustee has reviewed all documents and information provided to him by the Debtors.

5. Additionally, the Trustee has subpoenaed documents from certain third parties, including the Oregon Department of Transportation, U.S. Bank National Association, and Kelley's Accounting and Tax Service, Inc. ("Kelley's Accounting"). The Trustee has reviewed the documents provided by these entities.

*The Debtors' Interest in South Coast*

6. Prior to the Petition Date, the Debtors, either individually or jointly, maintained a 100% ownership interest in an Oregon entity called South Coast Investment Corporation, including the following DBA's: South Coast Auto Group, South Coast Automotive, South Coast Auto Sales, South Coast Towing, and South Coast Auto Detailing (collectively, "South Coast").

7. According to a document provided by the Debtors to the Trustee, on January 7, 2013, South Coast (a) sold its accounts receivable with an outstanding principal balance of $28,181.69 to their son, Thomas Capps ("Thomas"), "at 25 cents on the dollar for a total sum of $7,045.42"; and (b) sold a 1960 Studebaker Lark VIII (the "Studebaker") to Thomas for $750.00. *See* South Coast Meeting Minutes, attached hereto as Exhibit A. These transfers were not

disclosed on the Debtors' original Statement of Financial Affairs [Docket No. 2] (the "Original SOFA"), but were subsequently disclosed (due to the Trustee's persistence) on the Debtors' Amended Statement of Financial Affairs [Docket No. 64] (the "Amended SOFA").

8. Also according to the Debtors, on January 7, 2013, South Coast (a) sold various items of automotive equipment valued at $5,110.00 to their other son, William Capps ("William"), "at 25 cents on the dollar" in exchange for subcontract work performed for South Coast; and (b) sold a 1987 Porsche 928 S4 to William for $3,000.00 in exchange for subcontract work performed for South Coast.[1] These transfers were not disclosed on the Debtors' Original SOFA, but were subsequently disclosed (due to the Trustee's persistence) on the Debtors' Amended SOFA.

9. On March 7, 2014, South Coast was administratively dissolved by the Oregon Secretary of State, Corporate Division.[2]

*Southland Enterprises, Inc., DBA All Asian Auto Repair*

10. In approximately May of 2013, Southland Enterprises, Inc., DBA All Asian Auto Repair (collectively, "Southland") was incorporated under the laws of the State of Utah.

11. Although Debtor Dale Capps is the registered agent of Southland, according to the Debtors' testimony at their 341 meeting, Southland is solely owned by Thomas Capps.

*Assets Received to Date*

12. Pursuant to the Debtors' 2013 tax returns, they were entitled to a $2,880.00 refund from the Internal Revenue Service, a $1,850.00 refund from the state of Oregon, and a $99.00

---

[1] *See* Exhibit A; Amended SOFA.

[2] *See http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_detl?p_be_rsn=1222584&p_srce=BR_INQ&p_print=FALSE.*

refund from the Utah State Tax Commission. The federal and Utah refunds totaling $2,979.02 have been turned over to the Trustee.

13. The Debtors turned over to the Trustee a $150.00 check they received from the Oregon Department of Revenue made payable to South Coast for a Corporate Excise Tax refund.

*Additional Potential Estate Assets*

14. Based on information obtained to date, the Trustee believes that the Debtors' estate may be comprised of certain personal property, including but not limited to automotive repair equipment located at Southland's place of business (formerly All Asian Auto Repair). Pursuant to an appraisal conducted by Statewide Auction Company ("Statewide"), the automotive equipment has a value of approximately $13,590.00. Accordingly, the Trustee believes he may have fraudulent transfer and/or alter ego claims against Southland relating to the automotive equipment.

15. Although the Debtors claim that South Coast sold the Studebaker to Thomas in January 2013, the title of the Studebaker is still in the name of South Coast. Pursuant to Statewide, the Studebaker has a value of $1,000.00.

16. Upon information and belief, and based on documents provided to the Trustee by Kelley's Accounting, since January 2013 (the time when South Coast's accounts receivable in the outstanding amount of $28,181.69 were allegedly sold to Thomas), at least $68,060.32 has been paid to South Coast or Southland on account of South Coast's accounts receivable. Thus, the Trustee believes he may have fraudulent transfer and/or alter ego claims against the Debtors, Southland, and/or Thomas relating to the accounts receivable payments.

17. The Trustee believes there may also be potential fraudulent transfer claims against William for South Coast's "sale" of automotive equipment and the Porsche to him.

## RESPONSE TO MOTION TO CONVERT

18. Based on the above information and facts to date, the Trustee believes there may be assets and/or claims to pursue on behalf of the estate. However, the Trustee believes that the costs incurred to recover any such property or to succeed on such claims may consume a large portion of the assets he may be able to recover for the estate and creditors. This is because most of the issues and claims require findings of: (a) actual intent to defraud creditors; (b) alter ego; or (c) unreasonably equivalent value for asset transfers. These types of claims necessitate discovery on several parties, including the taking of depositions of both Debtors, Thomas and William.

19. On the other hand, the Trustee understands that Debtor Dale Capps recently obtained stable employment as a truck driver, which may allow the Debtors to successfully complete a Chapter 13 plan. Thus, depending on the Debtors' motives for filing their Motion to Convert, as well as the amount they propose to pay creditors through their plan, the Trustee believes that the Debtors' creditors may ultimately recover a larger net value if the Debtors' case is converted to a Chapter 13.

20. Accordingly, while the Trustee does not object to the Debtors' Motion to Convert at this time, he reserves all rights to object to the Motion at the December 18th hearing—after he hears the Debtors' explanation for the Motion to Convert—if he believes the Motion was filed in bad faith or is not for the benefit of creditors.

DATED this 25th day of November, 2014.

           **DORSEY & WHITNEY LLP**

           <u> */s/ Nathan S. Seim* </u>
           Michael F. Thomson
           Peggy Hunt
           Nathan S. Seim
           *Attorneys for Chapter 7 Trustee*

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

   I hereby certify that on this this 25th day of November, 2014, I electronically filed the foregoing **CHAPTER 7 TRUSTEE'S RESPONSE TO DEBTORS' MOTION TO CONVERT FROM CHAPTER 7 TO CHAPTER 13** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF uses and will be served through the CM/ECF system.

- Bryan Adamson badamson@dixielegal.com, rcampbell@dixielegal.com
- Kevin M. Bischoff kevin@osnlaw.com, secretary@osnlaw.com
- Mary Margaret Hunt hunt.peggy@dorsey.com, long.candy@dorsey.com;koontz.jennifer@dorsey.com
- Jeremy R. McCullough jmcculloughlaw@gmail.com
- Nathan Seim seim.nathan@dorsey.com
- Michael F. Thomson thomson.michael@dorsey.com, montoya.michelle@dorsey.com
- Michael F. Thomson tr thomson.michael@dorsey.com, UT17@ecfcbis.com;montoya.michelle@dorsey.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

                */ s / Nathan S. Seim*